IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2014 JUL 29
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NILES H. HARE, )
an inmate with the )
Alabama Department )
Corrections, )
     Plaintiff, )
)
                        ) CIVIL ACTION NO.
v. )  2:14-CV-710-MHT-CSC
)
ROBERT BENTLEY, ) 42 U.S.C.S. § 1983
Governor of the )
State of Alabama; )
KIM THOMAS, )
Commissioner of the )
Alabama Department )
of Corrections; and )
SHARON McSWAIN-HOLLAND, )
Warden at Elba )
Community Based Facility, )
et al., )
     Defendants. )
)

## ORIGINAL COMPLAINT FOR CIVIL RIGHTS VIOLATIONS
## pursuant to 42 U.S.C.S. §1983

COMES NOW the plaintiff, Niles H. Hare, pro-se, with an original complaint, pursuant to 42 U.S.C.S §1983 and 28 U.S.C.S §1343, for the deprivation and violation of his Civil Rights, as protected by the 8th and 14th amendments of the United States Constitution, by the above styled defendants acting under color of state law. Plaintiff seeks no monetary damages, only a Declaratory Judgement pursuant to 28 U.S.C.S. §2201 and Injuctive relief pursuant to Rule 65, (F.R.Civ.P.). As grounds Plaintiff avers the following:

## SECTION ONE

1) The plaintiff, Niles H. Hare, is presently incarcerated by the Alabama Department of Corrections ("DOC"), at Elba Community Based Facility, P.O. Box 710, Elba, Alabama 36323.

2) Plaintiff has no other lawsuits filed

(2)

against the defendants in any jurisdiction.

3) Plaintiff has not filed any pleadings in federal court in more than 20 years.

SECTION TWO

4) The Defendant, Robert Bentley, Governor of the State of Alabama, is being sued in his official capacity, for the deprivation and violation of the plaintiffs 8th and 14th Amend. rights pursuant to the U.S. Constitution, and may be served at the Office of Governor, State Capitol, Montgomery, Alabama 36130

5) Defendant, Kim Thomas, Commissioner of the Alabama Department of Corrections, is being sued in his official capacity, for the deprivation and violation of the plaintiffs 8th and 14th Amend. rights pursuant to the U.S. Constitution, and may be served at 301 South Ripley St., Montgomery, Alabama 36104.

6) Defendant, Sharon McSwain-Holland, Warden of Elba Community Based Facility, is being sued in her individual and official capacity, for the deprivation and violation of the plaintiffs 8th and 14th Amend. rights pursuant to the U.S. Constitution, and may be served at Elba Community Based Facility, P.O. Box 710, Elba, Alabama 36323.

## SECTION THREE

7) The plaintiffs claims arise from three (3) issues, i.e., the deplorable and over-crowded conditions of the Alabama prison system; lack of proper medical care; and, the violation of a state law claim in which plaintiff claims an entitlement and statutory safeguards applicable to the defendants pursuant to the 14th amend. of the U.S. Constitution.

8) Plaintiff has been confined by DOC since February 15, 2005, for nonviolent property convictions, and subjectted to cruel and unusual punishment through

(4)

extremly overcrowded conditions, and is currently confined to a delapidated trailer, approximately 55 feet by 24 feet, with 43 other men, one toilet and one sink, the smell of sewage gases comming up through the floor. The dinning hall, which triples as the T.V. room and visiting room, has only 56 seats. Those inmates who are not in line with the first 75 must eat outside. Elba Community Based Facility with a designed capacity of less than 125 persons, has an actual capacity of up to 250 inmates.

9) The Plaintiff was approved "work release", i.e., security level I on June 5, 2014, and subsequently transfered to the Elba Community Based Facility ("ECBF") on June 9, 2014. Plaintiff has been assigned only "road squad" jobs inwhich DOC charges those Agency's, fiffteen (15) dollars a day for inmate labor, while DOC keeps $13, and each inmate gets two (2) dollars a day. Plaintiff claims DOC officials do not have the authority to charge any Agency for inmate labor and then

keep any percentage of that charged fee.

10) Plaintiff is also being denied clean clothes. Plaintiff is issued only 3 pant and 3 shirts (state whites), and allowed to turn them in to be washed two days a week, on wed. and sat., one set is being worn while 2-sets are washed. Plaintiff has 2 sets to wear sunday through wed. evening, not withstanding contamination with Asphalt, Dissel fuel and all other road work dirt and mud.

11) Plaintiff is seeking a Declaratory Judgement on a state law claim, specifically, § 14-8-4 and §14-8-6, <u>Alabama Code 1975</u>, which gives the DOC the authority to create and opperate a "work release" program. Plaintiff claims the state legislature used explicit and mandatory language to create safeguards and limitations on correctional officials, thereby creating an entitlement and liberty interest to be protected by the 14TH amend.

of the U.S. Constitution.

(12) Section 14-8-4, <u>Ala. Code</u> 1975, Employment assistance. provides:

"The commissioner shall endeavor to secure employment for eligible inmates under this article, subject to the following:

(1) Such employment must be at a wage at least as high as the prevailing wage for similar work in the area or community where the work is performed and in accordance with the prevailing working conditions in such an area;

(2) Such employment shall not result in the displacement of employed workers;

(3) Inmates eligible for work release shall not be employed as strikebreakers or in impairing any existing contracts; and

(4) Exploitation of eligible prisoners, in any form, is prohibited either as it might affect

the community, the inmates or the board."

§ 14-8-6. Wages.    provides:

"The employer of an inmate involved in work release shall pay the inmate's wages directly to the Department of Corrections. The department may adopt regulations concerning the disbursement of any earnings of the inmates involved in work release. The department is authorized to withhold from an inmate's earnings the cost incident to the inmate's confinement as the department shall deem appropriate and reasonable. In no event shall the withheld earnings exceed 40 percent of the earnings of the inmate. After all expenses have been deducted by the department, the remainder of the inmate's earnings shall be credited to his or her account with the department. Upon his or her release all moneys being held by the department shall be paid over to the inmate."

Acts 1992, 2nd Ex. Sess., No. 92-688

(8)

13) While the plaintiff was approved work release and confined at Camden Community Based Facility ("Camden") from December 14, 2011 untill May 28, 2013, DOC not only deducted 40 percent of his "gross earnings", additionally deducted $5 a day transportation cost, and $15 a month laundry fee, to exceed the 40 percent cap and limitation imposed by the legislature in §14-8-6, Ala. Code 1975. This DOC policy continues to be imposed today, contrary to state law, and plaintiffs due process rights as protected by the 14th amend. of the U.S. Constitution.

14) Plaintiff claims while "approved work release and security level I," defendant McSwain-Holland does not have the authority to check him out on "road squad" work for $15 a day, while DOC keeps $13 and he gets only 2 dollars a day, contrary to §14-8-4 and §14-8-6, Ala. Code 1975.

(9)

15) Not only does the plaintiff claim a liberty interest in the construction of § 14-8-6, but also, a property interest on the basis of a limitation on how much money DOC officials are authorized to deduct from an inmate's earnings.

## SECTION FOUR    RELIEF

(16) Plaintiff in this cause is seeking Declaratory and injunctive relief only, and no monetary damages.

17) Declaration that the overcrowded conditions and lack of clean clothes at Elba Work Release violate an inmates 8th amed. rights, pursuant to the U.S. Constitutions prohibition against cruel and unusual punishment.

18) Declaration that state law prohibits DOC officials from working a "work release" approved inmate at a wage less then minimum wage.

(10)

19) Declaration that DOC officials do not have the authority to charge City, County, and State Agency's $15 a day for inmate labor, and then keep $13 a day for each inmate while the inmate retains only $2 a day.

20) Declaration that DOC officials can not deduct more than 40% of a "work release" inmates posted or net earnings, pursuant to § 14-8-6, Ala. Code 1975.

21) Declaration that inmates providing labor should have, or provided, clean clothes on a daily basis.

## Injunctive Relief

22) That defendant, Warden McSwain-Holland, provide all working inmates with clean work clothes on a daily basis.

(11)

23) That DOC officials may no longer keep $13 a day out an inmate's $15 a day labor fee for "road squad" work.

24) That defendant, Warden McSwain-Holland, can no longer assigne "work release, security level I" approved inmates to road squad labor.

25) That DOC officials can no longer deduct more than 40% of a work release inmates posted or net earnings.

26) That the inmate population at Elba Work Release must be reduced by at least 100 inmates.

### CONCLUSSION

WHEREFORE, PREMISES CONSIDERED, the plaintiff humbly prays this Honorable Court will order the defendants be served a copy of his complaint, and ordered to answer each and every claim as raised by

(12)

the plaintiff, and that this Honorable Court will grant him the injunctive relief sought, and any other and further relief the Court finds appropreate.

Done this 20th day of July, 2014.

Respectfully Submitted,

*Niles H. Hare*

I, Niles H. Hare, do declare, state or certify that all claims, and facts, are both true and correct to the best of my knowledge and belief, and that I am entitled to relief sought in this complaint, as I swear under the penalty of perjury to every word in this complaint.

*Niles H. Hare*

(13)

Niles H. Hare #135983
Elba CBF (G1-6B)
P.O. Box 710
Elba, AL. 36323

"This correspondence is forwarded from an Alabama State Prison. The content have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

Hon. Thomas C. Carver, Clerk
U.S. District Court
Middle District of Alabama
P.O. Box 711
Montgomery, AL.   36101

§ Legal Mail §